UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZHENKAI SUN, WEI GAO, YANGYANG GAO, and
CHARLES CHIPENGULE, *on behalf of themselves
and others similarly situated*,

                     Plaintiffs,

                     v.

SUSHI FUSSION EXPRESS, INC., *d/b/a Sushi Fussion*,
MICHAEL YAGUDAEV, SUSHI FUSSION LLC, *d/b/a
Sushi Fussion*, SUSHI FUSSION OF KINGS HWY, INC.,
*d/b/a Sushi Fussion*, LEVA KATANOV, LEVI
KATANOV, LEO KATANOV, SUSHI FUSSION
FIVETOWN INC., *d/b/a Sushi Fussion*,
SUSHI FUSSION OF 47TH STREET INC., *d/b/a Sushi
Fussion*, SUSHI FUSSION OF FOREST
HILLS INC., *d/b/a Sushi Fussion*, SUSHI FUSSION OF
NYC INC., *d/b/a Sushi Fussion*, and HIBACHI EXPRESS
MAIN ST. INC., *d/b/a Hibachi Express*,

                     Defendants.
------------------------------------------------------------------X

**DECISION & ORDER**
16-CV-4840 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiffs Wei Gao, Zhenkai Sun, Yangyang Gao, and Charles Chipengule (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, bring this action against four individual defendants and eight corporate defendants doing business as "Sushi Fussion" and "Hibachi Express" (collectively, "Defendants") to recover, *inter alia*, unpaid wages and overtime premiums pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law, N.Y. Lab. Law § 190 *et seq.* and § 650 *et seq.* *See* Second Amended Complaint, ECF No. 55 ("SAC"). On March 20, 2017, Plaintiffs filed their first motion for conditional collective certification under the FLSA pursuant to 29 U.S.C. § 216(b). ECF No. 35. On April 12, 2017, this Court referred Plaintiffs' motion to Magistrate Judge Lois Bloom. On July 5, 2017, Plaintiffs filed a supplemental motion for conditional certification of a collective

1

action, ECF No. 52, and at the direction of Magistrate Judge Bloom, Plaintiffs filed a revised motion for conditional certification of a collective action on July 17, 2017, ECF No. 57. On July 20, 2017, Plaintiffs filed another revised motion for conditional collective certification. ECF No. 60.[1]

On January 2, 2018, Magistrate Judge Bloom filed a Report and Recommendation recommending that Plaintiffs' motion be granted in part and denied in part. ECF No. 72. Specifically, Magistrate Judge Bloom recommended the following:

- Plaintiffs' motion for conditional certification of a collective action be granted regarding all sushi chefs and kitchen workers at Sushi Fussion Express, Inc. (71-32 Main Street, Flushing, NY), Sushi Fussion LLC (69-38 Main Street, Flushing, NY), and kitchen workers at Hibachi Express Main Street, Inc. (141-25 Jewel Avenue, Flushing, NY) who worked more than forty hours each week but were not paid overtime for the hours worked beyond forty from August 30, 2013 to present. *Id.* at 15, 19. Plaintiffs' motion for conditional certification of a collective action as to the remaining five corporate defendants doing business as Sushi Fussion—specifically, Sushi Fussion of Kings Hwy Inc., Sushi Fussion Fivetown, Inc., Sushi Fussion of 47th Street, Inc., Sushi Fussion of Forest Hills, Inc., and Sushi Fussion of NYC, Inc.—be denied without prejudice. *Id.*

- The Court apply a three-year statute of limitations pursuant to 29 U.S.C. § 255(a) based on Plaintiffs' allegations regarding Defendants' willful violations, and the

---

[1] The Court notes that on November 8, 2017, defendants Sushi Fussion LLC and Leva Katanov filed a fully-briefed motion to dismiss which is currently pending. ECF No. 71. If Sushi Fussion LLC and Mr. Katanov prevail on that motion, the Court may modify any collective action as necessary.

2

Court deny Plaintiffs' request to toll the statute of limitations during the opt-in period without prejudice but grant Plaintiffs leave to renew should Plaintiffs demonstrate that Defendants' actions prevented the opt-in plaintiffs from exercising their rights. *Id.* at 15-17.

- Plaintiffs be granted discovery in the form of a Microsoft Excel spreadsheet listing the names, last known mailing addresses, telephone numbers, email addresses, work locations, and dates of employment—but not social security numbers—for those individuals who have worked for Defendants at any time between August 30, 2013 and the date Plaintiffs' motion is decided. *Id.* at 17. This information should be produced to Plaintiffs within fifteen days of the Court's order adopting the Report and Recommendation, and Plaintiffs should be given thirty days from the date on which the information is produced to their counsel to mail the notice of pendency and consent to join forms. *Id.* at 19.

- The Court approve a sixty-day opt-in period running from the date the notices are mailed to potential opt-in plaintiffs. *Id.* at 17-18.

- The Court allow Plaintiffs to send the proposed notice of pendency form, as modified in Appendix A to the Report and Recommendation, and the consent to join form, as modified in Appendix B to the Report and Recommendation, to the opt-in plaintiffs. *Id.* at 18.

- The Court order the modified notice of pendency and consent to join forms be translated by certified translators into English, Chinese, and Spanish, and the translators be ordered to file certifications with the Court stating the documents have been accurately translated. *Id.*

- Defendants Sushi Fussion LLC and Sushi Fussion Express, Inc.[2] be ordered to post the modified and translated notice of pendency and consent forms for the duration of the opt-in period on employee bulletin boards and in other common areas conspicuous to all employees who work at those locations, and Plaintiffs' counsel be permitted to inspect the posted notices. *Id.* at 19.

On January 16, 2018, defendants Sushi Fussion LLC and Leva Katanov (the "Objecting Defendants") filed an objection to Magistrate Judge Bloom's Report and Recommendation and two declarations in support of their objection. ECF Nos. 74-76.[3] On January 30, 2018, Plaintiffs filed a reply in response to the objection of defendants Sushi Fussion LLC and Leva Katanov. ECF No. 77.

## DISCUSSION

### I. Legal Standard

In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must conduct a *de novo* review of any contested portions of the Report and Recommendation when a party makes specific objections to the magistrate judge's findings. *Norman v. Metro. Transp. Auth.*, 13–CV–1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.). The Court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Id.* (citing *Batista v. Walker*, 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July

---

[2] Defendant Hibachi Express is no longer in business.

[3] One of the declarations was submitted by defendant Leva Katanov and states, "[m]y legal name is Leva Katanov; however, I am also known as Levi Katanov and Leo Katanov. I believe that the Defendants named as Levi Katanov and Leo Katanov refer to me." ECF No. 75, ¶ 4.

4

31, 1995) (Sotomayor, J.)). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Id.* (quoting *Zaretsky v. Maxi-Aids, Inc.*, 10–CV–3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

## II. Analysis

In their objection, defendants Sushi Fussion LLC and Leva Katanov raise two primary contentions: (1) Plaintiffs' only allegations against Sushi Fussion LLC and Leva Katanov arise from periods of time in 2012 and 2013, which do not fall within the three-year statute of limitations calculated by the Court under the FLSA, and (2) the Court lacks supplemental jurisdiction over Sushi Fussion LLC and Mr. Katanov. The Court has conducted a *de novo* review of the relevant portions of the Report and Recommendation to which the Objecting Defendants object and concludes that both points of contention are without merit.

The Objecting Defendants' first contention is factually inaccurate. Contrary to what the Objecting Defendants assert, Plaintiffs' SAC includes numerous allegations against Mr. Katanov, including "Defendant Leva Katanov . . . is in charge of all areas of the Sushi Fussion enterprise, including the hiring and termination of workers, determining the rates of pay, [and] work schedule," among other matters, at all of the Sushi Fussion and Hibachi Express locations named in the SAC, including active locations. SAC ¶¶ 43, 69. The Objecting Defendants also argue the only named plaintiff asserting specific claims against Sushi Fussion LLC, located at 69-38 Main Street in Flushing, NY, is Yangyang Gao, who alleges that he worked at Sushi Fussion LLC from "on or about September 12, 2011 to October 19, 2013," before he began working at Sushi Fussion Express, Inc., located at 71-32 Main Street in Flushing, NY. ECF No. 61-5, ¶¶ 4-5. The Objecting Defendants argue because Yangyang Gao did not join the lawsuit as

5

a named plaintiff until November 18, 2016, "the FLSA statute of limitations for Mr. Y. Gao's claims reaches only to November 18, 2013 [three years prior to when he joined the action as a named plaintiff]."[4] ECF No. 74 at 2-3; *see also* 29 U.S.C. § 256(a). In response, Plaintiffs note that Yangyang Gao's allegations against Sushi Fussion LLC extend through October 2013, which is within the three-year period counting back from the date of the filing of the initial complaint in this action. *See* ECF No. 77 at 4.

The first step in a motion for conditional certification of a collective action under § 216(b) "involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks and citations omitted). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.* (citations omitted). At the first stage, "plaintiffs need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (Orenstein, M.J.) (internal quotation marks and citation omitted); *Myers*, 624 F.3d at 555. "[C]ourts have endorsed the sending of notice [to potential opt-in plaintiffs] early in the proceeding, as a means

---

[4] As noted in Plaintiffs' November 21, 2016 letter, ECF No. 21, the version of the complaint filed on November 18, 2016 was a duplicate of the original complaint, and Plaintiffs filed the corrected version of the amended complaint naming Yangyang Gao as a plaintiff and Sushi Fussion LLC as a defendant on November 21, 2016, *see* ECF No. 20.

of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (Sotomayor, J.) (citations omitted).

As Magistrate Judge Bloom correctly determined, Plaintiffs have met their minimal burden of showing they are similarly situated to all current and former sushi chefs and kitchen workers at Sushi Fussion LLC, Sushi Fussion Express, Inc., and Hibachi Express. ECF No. 72 at 11-15. It is in keeping with the "broad remedial purpose" of the FLSA to allow all potential opt-in plaintiffs who might have timely claims to join the lawsuit, which includes any sushi chefs or kitchen workers employed at Sushi Fussion LLC from August 30, 2013 to present. *See Hoffman*, 982 F. Supp. at 262. If it is determined that any opt-in plaintiffs have claims that are barred by the statute of limitations, those issues will be handled at an appropriate proceeding in the future. *See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (Sand, J.) ("Where, as here, the Court permits notice to be effectuated upon a large class of Plaintiffs, the determination as to the timeliness of each future plaintiff's action is better reserved for a future proceeding." (citations omitted)); *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (Spatt, J.) (concluding notice should be sent to potential opt-in plaintiffs who worked for the defendants going back three years before the filing of the complaint "in an abundance of caution" given the possibility of equitable tolling).

Indeed, Yangyang Gao's affidavit in support of Plaintiffs' motion for conditional collective certification specifically refers to two other sushi chefs who worked with him at Sushi Fussion LLC at 69-38 Main Street until October 19, 2013—within three years from the filing of the complaint in this action on August 30, 2016. ECF No. 61-5, ¶¶ 17-19. As courts in this circuit have emphasized, it is particularly important to send notice to all potential opt-in plaintiffs

where, as here, equitable tolling issues may arise with respect to particular opt-in plaintiffs. *See, e.g., Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 325 (E.D.N.Y. 2016) (Tomlinson, M.J.) (applying three-year statute of limitations reaching back to three years from the filing of the complaint in light of potential issues with equitable tolling as to opt-in plaintiffs); *Gaspar v. Personal Touch Moving, Inc.*, 13-CV-8187, 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) ("[B]ecause equitable tolling issues often arise as to individual opt-in plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (internal quotation marks and citation omitted)). The purpose of the first stage of a motion for certification of a collective action pursuant to 29 U.S.C. § 216(b) is simply to determine if there are similarly situated plaintiffs who might exist, with the understanding that an action can be "de-certified" at a later stage in the proceedings. *See Myers*, 624 F.3d at 555. It is consistent with this purpose to permit opt-in plaintiffs who were employed at Sushi Fussion LLC from August 30, 2013—three years from the filing of this action—to the present to join the action, notwithstanding the Objecting Defendants' arguments regarding potential issues with the timeliness of Yangyang Gao's claims against Sushi Fussion LLC.

The Objecting Defendants' second contention—that the Court lacks supplemental jurisdiction over Sushi Fussion LLC and Mr. Katanov—is also without merit. The Objecting Defendants write "[b]ecause the Court found that the Sushi Fussion entities do not operate as a joint enterprise, the only allegations against the Objecting Defendants are those of Mr. Yang Yang Gao against Sushi Fussion LLC and Mr. Katanov from the time period between September 12, 2011, and October 19, 2013." ECF No. 74 at 3. This is incorrect and is explicitly contradicted by Magistrate Judge Bloom's Report and Recommendation, which stated "[t]he

Court should not resolve this dispute [regarding whether the Sushi Fussion entities are operated as a single enterprise] on this motion." ECF No. 72 at 2 n.1. The SAC asserts Mr. Katanov is involved in the operations of the eight Sushi Fussion and Hibachi Express locations named in this action, including locations that are still open, *see* SAC ¶¶ 43, 69, and also asserts that Sushi Fussion LLC operated several of those same locations, including locations that are still open, *see* SAC ¶¶ 15, 69.[5] At the preliminary certification stage, all inferences are drawn in favor of the plaintiff, and the Court does not resolve factual disputes. *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013) (Maas, M.J.). This motion is not the time to consider the Objecting Defendants' contradictory factual assertions or their argument regarding supplemental jurisdiction.

## CONCLUSION

Upon a careful review of Magistrate Judge Bloom's Report and Recommendation, ECF No. 72, and the objections filed thereto, the Court affirms and adopts the Report and Recommendation as the opinion of the Court.[6]

SO ORDERED.

s/WFK
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 5, 2018
Brooklyn, New York

---

[5] While the SAC acknowledges that Sushi Fussion LLC operated the Sushi Fussion location at 69-38 Main Street in Flushing, NY "from September 12, 2011 to October 19, 2013," it does not contain a similar time limitation as to the other locations. *See* SAC ¶ 15.

[6] The Court has one edit to the notice of pendency form, attached to the Report and Recommendation as Appendix A. On page 2, under question 1 ("Why did I get this notice?"), the date should be changed to August 30, 2013, instead of July 18, 2013.