**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
WEI GAO
ZHENKAI SUN
YANGYANG GAO                                        Case No. 18-cv-07341 (PKC) (ST)
   a/k/a Eddie Gao
CHALES CHIPENGULE,
*on behalf of herself and others similarly situated,*
                              Plaintiff,

                        v.

SUSHI FUSSION EXPRESS INC
       d/b/a Sushi Fussion.,
SUSHI FUSSION LLC
       d/b/a Sushi Fussion,
SUSHI FUSSION OF KINGS HWY, INC.
       d/b/a Sushi Fussion,
SUSHI FUSSION FIVETOWN INC.
       d/b/a Sushi Fussion,
SUSHI FUSSION OF 47TH STREET, INC.
       d/b/a Sushi Fussion,
SUSHI FUSSION OF FOREST HILLS, INC.
       d/b/a Sushi Fussion,
SUSHI FUSSION OF NYC, INC.
       d/b/a Sushi Fussion,
HIBACHI EXPRESS MAIN ST. INC.
       d/b/a Hibachi Express,
MICHAEL M. YAGUDAEV,
LEVA KATANOV,
LEVI KATANOV, and
LEO KATANOV
                       Defendants.
-------------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION FOR ATTORNEYS' FEES AND COSTS

TROY LAW, PLLC
*Attorneys for Plaintiff*

John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel:     (718) 762-1324

### TABLE OF CONTENTS

**ARGUMENT**.................................................................................**Error! Bookmark not defined.**

**I.   Plaintiffs' Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates**.......................................................................................... 2

**a.   The Hours Spent on this Matter are Reasonable** ....................................... 4

**b.   The Hourly Rates Sought are Reasonable** ............................................... 5

**II.   Plaintiffs Seek Compensable Costs**................................................... 9

**CONCLUSION** ............................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ................................ 3, 5, 8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir.
    2007, amended Apr. 10, 2008)................................................................................................ 3, 4

*Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................................................ 4

*Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S.
    Dist. LEXIS 107831 (S.D.N.Y. Oct. 4, 2010) ............................................................................ 3

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373
    (S.D.N.Y. Sep. 30 2010) ............................................................................................................. 8

*Gagne v. Maher*, 594 F. 2d 336 (2d Cir. 1979) .............................................................................. 3

*Grant v. Martinez,* 973 F. 2d 96 (2d Cir. 1992)............................................................................... 4

*Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *2
    (S.D.N.Y. Mar. 27, 2002) ........................................................................................................... 3

*Hassan v. New York City*, No. 11-cv-05382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194
    (E.D.N.Y. Feb. 10, 2014) ........................................................................................................... 5

*Hu v.226 Wild Ginger Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 U.S. Dist. LEXIS 188650
    (S.D.N.Y. Oct. 7, 2020) .............................................................................................................. 6

*Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281 (E.D.N.Y. 2012) .................................... 5

*Jackson v. Egira, LLC*, 2017 U.S. Dist. LEXIS 198909 (D. Md. July 28, 2017).......................... 2

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24,
    2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ........ 8

*LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748 (2d Cir. 1998)........................................................ 7

*Levin v. Levans, Inc.*, 2010 U.S. Dist. LEXIS 38762 (S.D. Fla. March 15,2010) ........................ 2

*Levin v. Levans, Inc*., 2010 U.S. Dist.LEXIS 38676 (S.D. Fla., Apr. 17, 2010) .......................... 2

*Madison Capital Co., LLC v. S & S Salvage, LLC*, 2011 U.S. Dist. LEXIS 93264 ...................... 2

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y.
    Nov. 10, 2014) ............................................................................................................................ 8

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) ................................ 8

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983), *abrogated
    on other grounds, Blum v. Stenson*, 465 U.S. 886 (1984)........................................................... 4

*Perdue v. Kenny A.*, 559 U.S. 542 (2010)....................................................................................... 4

*Rios v. Louya Corp.*, 2015 WL 5918194 (S.D.N.Y. Oct. 8, 2015)................................................. 5

*Sajvin v. Singh Farm Corp.*, No. 17-CV-04032, 2018 U.S. Dist. LEXIS 137485 (E.D.N.Y. Aug.
    13, 2018) ..................................................................................................................................... 5

*Sanchez v. I&A Rest. Corp*., 2017 WL 2537814 (S.D.N.Y. May 22, 2017)................................... 5

*Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL), unreported (S.D.N.Y. Feb. 19,
    2019) ...................................................................................................................................... 6, 7

*Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL
    4626229................................................................................................................................... 3, 5

*Wong v. Hunda Glass Corp*., No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y.
    2010) ........................................................................................................................................... 5

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc*., No. 18-cv-10359 (CCC) (SCM), 2019 U.S.
    Dist. LEXIS 205435 (D.N.J. Nov. 26, 2019)......................................................................... 6, 7

*Zhang v. New Beijing Wok*, No. 17-cv-09465 (VEC), unreported (S.D.N.Y. Mar. 3, 2020) ..... 6, 7

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................. 1

N.Y. C.L.S. Labor § 198(1-a) ............................................................................................... 1

N.Y. C.L.S. Labor § 633(1) ................................................................................................... 1

## PRELIMINARY STATEMENT

By virtue of the Bench Trial held on November 15, 2021 to November 17, 2021, Plaintiff's respectfully moves for attorneys' fee application to be issued in conjunction with an award in their favor. Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be…." and "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b) Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, [and] all reasonable attorney's fees…." N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees"). Plaintiffs are prevailing parties entitled to recover attorneys' fees and costs under the FLSA and NYLL.

Furthermore, both the attorneys' fees in the Southern District Bankruptcy Court and this Court should be allowed because both were required to protect Plaintiffs' rights. Defendants MICHAEL M. YAGUDAEV (S.B.N.Y. 18-22601-rdd) and SUSHI FUSSION EXPRESS, INC. (S.B.N.Y. 18-23180-rdd) both initiated bankruptcy proceedings in the Southern Bankruptcy Court of New York an attempt to discharge their debts owed as to Plaintiffs. Litigation in the Bankruptcy Court was required to preserve the Plaintiffs' rights in Debtors' attempted liquidation against Debtor's attempts to limit those rights. As FLSA-creditors, we have successfully obtained lifts to automatic stay and dismissal to both the corporate and individual bankruptcy cases. The litigation in the Bankruptcy Court was necessary to determine the FLSA liability.

1

**ARGUMENT**

**I.  Plaintiffs' Application for Attorneys' Fees is Based Should Be Granted as to Both Work Performed in the Wage-and-Hour Action as well as for the Collateral Bankruptcy Actions**

In *Levin v. Levans, Inc.*, 2010 U.S. Dist. LEXIS 38762 (S.D. Fla. March 15,2010), *report and recommendation adopted*, *Levin v. Levans, Inc*., 2010 U.S. Dist.LEXIS 38676 (S.D. Fla., Apr. 17, 2010), the magistrate court addressed whether bankruptcy fees should be included in the "reasonable attorney's fees" due to a plaintiff under the FLSA. In *Levin v. Levans*, the court found that "counsel's work to protect his clients' claims during the pendency of Defendant Levine's bankruptcy petition warrants reimbursement…. Because the Court finds that the legal work performed by Plaintiffs' counsel in the bankruptcy action was critical to achieving Defendant Levine's acknowledgment of liability and ultimately a settlement in this case, the Court finds that such fees should be included in the judgment." *See also Jackson v. Egira, LLC*, 2017 U.S. Dist. LEXIS 198909 (D. Md. July 28, 2017) (same); *Madison Capital Co., LLC v. S & S Salvage, LLC*, 2011 U.S. Dist. LEXIS 93264 at *14-15 (W.D. Ky. Aug. 22, 2011) (in granting costs of action, district court may properly include costs for filing relief from stay to litigate the underlying matter in the district court). Furthermore, "There is no logical reason to preclude fees incurred in a bankruptcy proceeding, provided that proceeding was a necessary step on the road to protecting a claim so it could be asserted before the district court, and this Court will not read such a limitation into the fee provision." *Ellington v. WBY, Inc.*, No. 1:16-cv-4017-MLB, 2021 U.S. Dist. LEXIS 176078, at *11 (N.D. Ga. Sep. 15, 2021).

Here, Plaintiffs obtained critical success as lifting the bankruptcy stay ultimately paved the way for this Court's entry of a jury verdict against Defendants SUSHI FUSSION LLC, SUSHI FUSSION OF 47th STREET, INC, SUHSI FUSSION OF FOREST HILLS, INC, SUSHI FUSSION OF NYC INC and LEVA KATANOV and a future Default Judgment against Debtors

MICHAEL M. YAGUDAEV and SUSHI FUSSION EXPRESS, INC. Indeed, absent their involvement in the bankruptcy matters, "Defendants could have succeeded in declaring bankruptcy" without ever paying Plaintiffs their wages owed." *Bocangel v Warm Heart Family Assistance Living, Inc.*, 8:16-CV-03989-PX, 2021 WL 4316907, at *4 [D Md Sept. 23, 2021] (finding that hours expended in closely related litigation that is necessary to assure success in the FLSA action remain compensable under the applicable fee-shifting provisions).

The award of bankruptcy-related attorney fees comports with the purposes of the FLSA. The purpose of the FLSA is to make whole the employees who are not paid minimum wage. Thus, FLSA requires attorneys' fees to be paid to prevailing plaintiffs. 29 U.S.C. § 216(b). The attorney's fees in the FLSA case and the bankruptcy case were both necessary to protect the rights of the Plaintiffs under the FLSA. Indeed, the bankruptcy case was filed as a result of FLSA claims. The Defendants sought to determine and fix the FLSA claims in Bankruptcy Court rather than before this Court in District Court ("The Bankruptcy Court will have exclusive jurisdiction to liquidate these claims"). The Defendants "forum shopped" in Bankruptcy Court. Therefore, Plaintiffs were required to appear in Bankruptcy Court and pursue their claims in that Court as well as District Court. All attorneys' fees as set for in the Motion are therefore recoverable.

## II.  Plaintiffs' Attorney is Requesting Reasonable Hours Worked and Reasonable Hourly Rates

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *See Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229, at *6. The amount is calculated based on "(1) a consideration of the number of hours actually spent by

counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008). As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request, courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id.* (quoting *Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 , at *2 (S.D.N.Y. Mar. 27, 2002)).

Similarly, as to the bankruptcy actions, as in Plaintiffs' counsel *Jackson v. Egira, LLC*, Plaintiffs' counsels here have similarly made repeat appearances at creditor meetings, obtained lifts to the automatic stay as to the federal district court proceedings for both bankruptcy cases. As the District Court of Florida has observed in *Levin v. Levans, Inc.*, No. 08-61730-CIV, 2010 WL 1571192, at *2 (S.D. Fla. Mar. 15, 2010), *report and recommendation adopted*, No. 08-61730-CIV, 2010 WL 1610417 (S.D. Fla. Apr. 20, 2010), "counsel's work to protect his clients' claims during the pendency of Defendant['s] bankruptcy petition warrants reimbursement."

### a. The Hours Spent on this Matter are Reasonable

Plaintiffs, as the prevailing party, may recover attorneys' fees through the preparation of their fee application. *See Gagne v. Maher*, 594 F. 2d 336, 343–344 (2d Cir. 1979). Accordingly, Plaintiff seeks fees from the time they began client intake through the date of this application.

Hours worked are deemed reasonable if, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F. 2d 96, 99 (2d Cir. 1992).

As this Court has recently confirmed in *Lipenga v. Kambalame*, No. GJH-14-3980, 2017 WL 2493101, at *3 (D. Md. June 8, 2017), "[t]he degree of success obtained has been characterized as 'the most critical factor' in determining the reasonableness of an award of attorneys' fees" (quoting *Ford v. Rigidply Rafters, Inc.*, 999 F. Supp. 647, 651 (D. Md. 1998) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992))). " '[W]here a plaintiff has obtained excellent results, [her] attorney should recover a *fully compensatory* fee. Normally this will encompass *all hours* reasonably expended on the litigation.' " *Id.* at 2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)) (emphasis added). Thus, Troy Law's requested award of $29,070.56 and $19,615.25 with respect to the personal bankruptcy proceedings of MICHAEL M. YAGUDAEV and SUSHI FUSSION EXPRESS, INC., respectively, 43.75 and 37.83 hours of work billed at the rate of $650.00 per hour by Managing Attorney John Troy, is a reasonable fee and will be awarded in the full amount requested.

The time devoted to this action by Plaintiffs' counsel is set forth in detail in the contemporaneous time entries attached to the declaration of John Troy that specify, for each personnel, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984)

### b.  The Hourly Rates Sought are Reasonable

A reasonable fee is "one that is sufficient to induce a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant community." *Id.* at 551 (quoting

*Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The assessment of hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190.

The prevailing market rates for attorneys in the Southern District is found in several recent decisions that review other court filings. See *e.g.*, *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." *Rosales*, 2018 WL 286105, at *2.

Five years ago, "reasonable hourly rates in the Eastern District of New York "are approximately $300–$450 per hour for partners, $200–300 per hour for senior associates, and $100–200 per hour for junior associates" *See Hassan v. New York City*, No. 11-cv-05382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194, at *5–6 (E.D.N.Y. Feb. 10, 2014)) (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298–99 (E.D.N.Y. 2012) (internal citations omitted) (listing cases)).

Similarly, the prevailing market rates for attorneys in the Southern District five years ago is found in several recent decisions that review other court filings. *See e.g., Sanchez v. I&A Rest. Corp.*, 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017) ($450 per hour for a wage and hour litigation partner who has practiced since 1980s was reasonable); *Rios v. Louya Corp.*, 2015 WL 5918194, at *3 (S.D.N.Y. Oct. 8, 2015) (courts in the district award hourly rates "between $350 and $450 for partners with significant employment litigation experience"); *Tackie*, 2014 WL,

4626229, at *7 ($400 per hour for partner with 11 years of wage and hour litigation was "consistent with prevailing rate for partners litigating wage and hour cases in" SDNY and EDNY); Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012)  (finding rates between $250 and $450 for experienced civil rights and employment law litigators); *Wong v. Hunda Glass Corp*., No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y. 2010).  (awarding $350 per hour to two employment attorneys with twelve years of legal experience); *Allende*, 783 F. Supp. 2d. at 514-515 (finding rates of $450 for partners and for associates between $200 and $300, citing cases).

However, just as the New York State minimum wage has increased from $8.00 to $15.00 for New York City employers with ten or more employees (an 87.5% increase) over the past five years, the prevailing market rates and caps for partners/ associates representing clients in wage-and-hour cases in the Second Circuit has increased as well. *See*, *e.g.*, *Sajvin v. Singh Farm Corp.*, No. 17-CV-04032, 2018 U.S. Dist. LEXIS 137485, at *25 (E.D.N.Y. Aug. 13, 2018) (allowing English-speaking only partner with 128 cases in the Eastern District of New York an hourly fee of $500 and an associate with only fifty wage and hour cases in total an hourly fee of $250). In *Sajvin*, Magistrate Reyes notes that "The passage of time warrants an increase in attorney's fees" in the Eastern District, since the upper limit of $450 was in place since 2013 because otherwise attorneys would choose to file in the Southern District two miles away instead.

Accordingly, as described in detail in the Declaration of John Troy, Plaintiff's attorneys request hourly rates that are on par with wage-and-hour rates that are recently given in District Courts throughout this nation and as such request to grant Troy Law Managing Partner John Troy ($650.00), Managing Associate Aaron Schweitzer ($400.00), Managing Associate George Byun a/k/a Kibun Byun ($350.00), Attorney Adam Xing Dong ($300.00), Associate Joseph Indelicato ($250.00), Associate Shuyang Xie ($250.00), Attorney Tiffany Troy ($200.00), Clerk William

Lou ($200.00), Paralegal Bella Ying Chu Ho ($150.00), Paralegal Bingyu Huang ($150.00) and Office Manager Preethi Kilaru ($200.00). Similarly, the fees are on par with the fees requested by bankruptcy practitioners in this circuit.

Mr. Troy has previously been awarded $550.00 per hour in *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu v.226 Wild Ginger Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 U.S. Dist. LEXIS 188650 (S.D.N.Y. Oct. 7, 2020) (award following default judgment after parties had participated in litigation and discovery) and *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-cv-10359 (CCC) (SCM), 2019 U.S. Dist. LEXIS 205435 (D.N.J. Nov. 26, 2019) (award following default judgment); and $400.00 in *Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL), unreported (S.D.N.Y. Feb. 19, 2019) (award following bench trial) and *Zhang v. New Beijing Wok*, No. 17-cv-09465 (VEC), unreported (S.D.N.Y. Mar. 3, 2020) (award following jury trial).

Mr. Schweitzer was previously awarded $350.00 per hour in *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Wild Ginger* and *Chongqing*; and $225.00 per hour in *Fresco Tortillas*, and *New Beijing Wok*.

Mr. Byun usually charges his clients $350.00 per hour in non-contingent fee structure matters.

Mr. Dong usually charges his clients $300.00 per hour in non-contingent fee structure matters.

Ms. Xie has previously been awarded $250.00 per hour in Tarsem Sigh et al. v. Danny Restoration, Inc et al. 17-cv-03787 (S.D.N.Y. Sept 18, 2018).

Ms. Troy was previously awarded a rate of $150.00 per hour in *Wild Ginger*.

Ms. Ho was previously awarded $150 per hour in Tarsem Singh v. Danny Restoration, Inc. et al. 17-cv-03787 (S.D.N.Y. Sept 18, 2018).

Ms. Huang was previously awarded $150 per hour in Tarsem Singh et al. v. Dany Restoration, Inc. et al. 17-cv-03787 (S.D.N.Y. Sept. 18, 2018)

Ms. Kilaru was previously awarded $200 per hour in *Lianhua Weng v. Kung Fu Little Steamed Buns et al.,* 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *1:17-cv-10161-JGK-KNF Hu et al v. 226 Wild Ginger Inc. et. al.* (S.D.N.Y. Oct. 7, 2020); and $150 per hour in 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*

Thus, the hourly rate requested are in line with rates that have been recently awarded to the same attorneys in the same court.

### III. Plaintiffs Seek Compensable Costs

Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748, 763 (2d Cir. 1998) (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Plaintiffs request reimbursement for the court filing fees as well as expenses incurred for case filing, research, postage, process servers, transcript, Plaintiff's transportation, and hiring a Chinese interpreter for depositions and at the trial. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees,

and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiffs' counsel is set forth in detail in the exhibit attached to the declaration of John Troy.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees and costs sought in the application of Plaintiffs' counsels.

Dated: December 23, 2021
  Flushing, New York

        TROY LAW, PLLC
        *Attorneys for the Plaintiff*

        /s/ John Troy
        John Troy (JT0481)
        Aaron Schweitzer (AS 6369)