# THE SAMUEL LAW FIRM

1441 BROADWAY, SUITE 6085, NEW YORK, NY 10018

PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**
michael@samuelandstein.com

January 18, 2022

ADMITTED IN NY

**VIA ECF**

The Honorable Lois Bloom
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Sun et al v. Sushi Fussion Express, Inc. et al*
16-cv-4840 (RPK) (LB)**

Dear Judge Bloom:

  We represent Defendant Levi Katanov and the six corporate entities owned by Mr. Katanov in this matter, and write regarding the present motion for attorney fees filed by Plaintiffs on December 23, 2021 (ECF No. 163). While we acknowledge that neither Your Honor's rules, nor the local rules of this district permit a formal sur-reply, we felt compelled to address Plaintiffs' recently filed, belated reply (ECF No. 170) in support of the present motion, which reply contained multiple inaccuracies we wish to bring to the Court's attention.

  We respectfully but strenuously object to Plaintiffs' repeated, misleading representations made in their reply, as well as in Plaintiffs' counsel John Troy's supporting affidavit (ECF No. 164) and also in Plaintiffs' memorandum of law (ECF No. 165) in support of the present motion, the latter two of which we highlighted in our opposition (ECF No. 169).

  At the bottom of page three of Plaintiffs' reply memorandum, Mr. Troy, who was not present himself in court at any time during the three-day jury trial held by Judge Kovner on November 15, 16 and 17, 2021, erroneously asserts (1) that "both sets of defendants are jointly and severally liable as to Plaintiffs damages" and (2) that Plaintiffs were successful in "proving a single enterprise as to all corporate Defendants."

  Both of these assertions are baseless and wholly inaccurate, even careless on the part of Mr. Troy, because the jury unanimously found that there was no single, joint enterprise, instead finding that Mr. Katanov and his entities did not employ three of the four plaintiffs – Zhenkai Sun, Wei Gao, and Charles Chipengule - each of whom was only employed by the other individual defendant, Michael Yagudaev.

Hon. Lois Bloom
January 18, 2022
Page 2 of 2

      Plaintiffs' hopeful trial theory, that Mr. Yagudaev and Mr. Katanov operated a single, joint enterprise, was categorically rejected by the jury, which found that it was Mr. Yagudaev (and Mr. Yagudaev only) who employed the above-referenced three plaintiffs, Messrs. Sun, Gao, and Chipengule, and that Mr. Katanov (and Mr. Katanov only) employed the fourth plaintiff, Mr. Yangyang Gao during a specific period of time during the period from August 2011 to October 2013.

      Such misrepresentations by Plaintiffs are nothing new regarding the present motion, having occurred repeatedly in the original supporting papers filed with the present motion, as we previously noted in our opposition. First, in Plaintiffs' memorandum of law (ECF No. 165) at the bottom of page 2, it is falsely asserted that Plaintiffs successfully lifted a bankruptcy stay to allow a jury verdict to be entered against Mr. Katanov and his corporate defendant entities. In fact, there has been no bankruptcy proceeding whatsoever involving Mr. Katanov and his corporate defendant entities. And in the bankruptcy matter involving Mr. Yagudaev and his entities, no such lifting of any stay was ever granted or ordered.

      In his own accompanying affidavit in support of the present motion (ECF No. 164), at paragraph 10, Mr. Troy similarly attempted to mislead this Court by characterizing the proceedings before Judge Kovner as a "three-day trial which resulted in verdicts in all Plaintiffs' favor against all corporate defendants and all individual Defendants….". In fact, the three plaintiffs referenced above had each and every one of their claims against Mr. Katanov and his entities denied by the jury at trial.

      The repeated misrepresentations and mischaracterizations by Mr. Troy referenced above rise to the level of being abusive of the attorney fee application process in a desperate attempt to gain approval for what we believe are egregiously inefficient, over-billed fees sought in this matter. They should not be countenanced by this Court, and we respectfully urge the Court to review Mr. Troy's present fee application with this in mind.

      Respectfully submitted,

      /s/ *Michael Samuel*
      Michael Samuel, Esq.
      The Samuel Law Firm

      *Attorneys for Plaintiff*