UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ZHENKAI SUN, WEI GAO,
YANGYANG GAO,[1] and CHARLES
CHIPENGULE, *on behalf of themselves and others similarly situated*,

                      Plaintiffs,                    **REPORT AND RECOMMENDATION**
                                                                          16 CV 4840 (RPK)(LB)

        -against-

SUSHI FUSSION EXPRESS, INC., *d/b/a Sushi Fussion*, MICHAEL M. YUGADAEV, SUSHI FUSSION LLC, *d/b/a Sushi Fussion*, SUSHI FUSSION OF KINGS HWY, INC., *d/b/a Sushi Fussion*, LEVA KATANOV, LEVI KATANOV, LEO KATANOV, SUSHI FUSSION FIVETOWN, INC., *d/b/a Sushi Fussion*, SUSHI FUSSION OF 47™ STREET INC., *d/b/a Sushi Fussion*, SUSHI FUSSION OF FOREST HILLS, INC., *d/b/a Sushi Fussion*, SUSHI FUSSION OF NYC INC., *d/b/a Sushi Fussion*, and HIBACHI EXPRESS MAIN ST. INC., *d/b/a Hibachi Express*,

                      Defendants.

-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiffs Zhenkai Sun, Wei Gao, Eddie Gao, and Charles Chipengule, on behalf of themselves and others similarly situated, bring this civil action against individual defendants, Michael Yugadaev[2] and Leva Katanov (a/k/a Levi Katanov or Leo Katanov), and eight corporate defendants doing business as "Sushi Fussion" and "Hibachi Express," to recover damages for

---

[1] Since commencing this lawsuit, Yangyang Gao has officially changed his name to "Eddie Gao." ECF No. 162, fn 2. This Report uses "Eddie Gao" throughout, and any judgment entered should reflect plaintiff's new name.

[2] Plaintiffs consistently misspell Mr. Yugadaev's last name "Yagudaev." The docket identifies defendant "Yugadaev," and that spelling is used throughout this Report and Recommendation.

1

violations of their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190, 650 *et seq.*, and New York Codes, Rules and Regulations ("NYCRR"), 12 NYCRR § 146. ECF No. 55. Defendants Michael Yugadaev and Sushi Fussion Express, Inc., ("Sushi Fussion Express") answered both the original and first amended complaint, ECF Nos. 15, 25. On July 17, 2017, plaintiffs amended their complaint a second time to add defendants, including Hibachi Express. ECF No. 55. Despite proper service of the summons and second amended complaint, Michael Yugadaev, Sushi Fussion Express, and Hibachi Express ("the Yugadaev defendants") failed to respond to the second amended complaint ("SAC") or otherwise defend this action from that juncture. Plaintiffs now move for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against the Yugadaev defendants. The Honorable Rachel P. Kovner referred plaintiffs' motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiffs' motion for a default judgment should be granted.

## BACKGROUND

This is plaintiffs' second motion for a default judgment. Judge Kovner referred plaintiffs' prior motion, ECF No. 160, to me, and I recommended that it should be granted as to liability, but that the Court should deny any award of damages without prejudice as plaintiffs had not filed sufficient record evidence to assess plaintiffs' claim for damages. ECF No. 172. Judge Kovner terminated plaintiffs' first motion, and plaintiffs now move a second time for a default judgment. ECF No. 177. Plaintiffs' counsel files a declaration, plaintiffs' affidavits, ECF No. 178, and a memorandum of law in support. ECF No. 179. The Court assumes familiarity with the facts and procedural history of this case as set forth in the prior Report and Recommendation. ECF No.

172. Plaintiffs are restaurant workers who were employed by defendants for periods of time between 2013 and 2016. Plaintiffs allege that defendants knowingly and willfully violated their rights under FLSA and NYLL when they failed to pay them their lawful overtime and spread of hours compensation and failed to provide plaintiffs with the required wage notices and wage statements. SAC ¶¶ 87, 91, 103, 105, 114, 116, 130, 134, 183, 187.

## DISCUSSION

As stated in the prior Report and Recommendation, plaintiffs have established defendants' liability on their overtime, spread of hours, wage notice, and wage statement claims. Plaintiffs' SAC establishes that they were employed by defendants, and that defendants are subject to FLSA and NYLL. Plaintiffs also establish that defendants Yugadaev and Sushi Fussion Express are subject to joint and several liability for violations of FLSA and NYLL during the time plaintiffs were employed at Sushi Fussion Express, and defendants Yugadaev and Hibachi Express are subject to joint and several liability for violations of FLSA and NYLL occurring during the time plaintiff Chipengule was employed at Hibachi Express. The allegations in plaintiffs' SAC are sufficient to establish defendants' liability for their failure to pay overtime and spread of hours wages under FLSA and NYLL, SAC ¶¶ 83, 87, 96, 103, 108, 114, 123, 125, 130, and to provide required wage and notice statements. SAC ¶¶ 183, 187.[3] The Court now addresses plaintiffs' request for damages.

**III.     Damages**

In plaintiffs' prior motion, they improperly relied on pretrial stipulations between plaintiffs and the defendants who appeared at trial (not the Yugadaev defendants) as the basis for

---

[3] For the reasons explained in the prior Report and Recommendation, plaintiffs fail to establish defendants' liability for their minimum wage, mealtime, and record keeping claims. See ECF No. 172 at 16, 18-19.

3

their damages calculation. Plaintiffs' failed to support their claim for damages with their own sworn statements. See Hernandez Gomez v. 4 Runners, Inc., 769 Fed. Appx. 1, 3 (2d Cir. 2019) (summary order) (finding that the district court had no basis to award damages where plaintiff failed to submit a supporting affidavit). Plaintiffs' motion now includes their sworn statements.[4] Accordingly, I recommend that the Court should grant plaintiffs' motion for a default judgment and award the following damages.

### A. Unpaid Overtime Pay

Under both the FLSA and the NYLL, an employee must be paid at an overtime rate of one and one-half times his regular rate when s/he works over forty hours per week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4. Although an employer's failure to provide overtime wages violates both the FLSA and NYLL, an employee "may recover only once." Newman v. West Bar & Lounge, Inc., No. 20 CV 1141, 2021 WL 2401176, at *9 (E.D.N.Y. Oct. 18, 2011) (citing Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 262 n.44 (S.D.N.Y. 2008)).

Pursuant to federal regulation, an employee's regular rate of pay is determined by dividing his salary by the number of hours it is intended to compensate. Ge Chun Wen v. Hair Party 24 Hours Inc., No. 15 CV 10186, 2021 WL 3375615, at *10 (S.D.N.Y. May 17, 2021) (quoting 29 C.F.R. § 778.113(a)). This regular rate is then multiplied by one and one-half to determine the employee's overtime rate. Id. "[U]nder the FLSA, 'there is a rebuttable presumption that a weekly salary covers only the first [40] hours, unless the parties have an alternate agreement.'" Id. (quoting Pinovi v. FDD Enterps., Inc., No. 13-CV-2800, 2015 WL

---

[4] The Court notes that only Eddie Gao's affidavit is accompanied by a certification of translation. ECF No. 178-4 at 5. The Court directed plaintiffs' counsel in the prior Report and Recommendation to include a translation certification by the interpreter or the plaintiffs where necessary. Although the Court considers plaintiffs' affidavits here, the Court will not accept affidavits without such certifications in the future. ECF No. 172 at 22 n.15.

4126872, at *4 (S.D.N.Y. July 8, 2015)). Defendants' default prevents any rebuttal of the presumption. Newman, 2021 WL 2401176, at *10 (citing Valdez v. H & S Rest. Operations, Inc., No. 14-CV-4701, 2016 WL 3079028, at *5 (E.D.N.Y. Mar. 29, 2016) Report and Recommendation adopted by 2016 WL 3087053 (E.D.N.Y. May 27, 2016)).

Under New York law, if an employee in the hospitality industry is not paid hourly, the employee's regular hourly rate of pay is determined by dividing their weekly salary "by the lesser of 40 hours or the actual number of hours worked by the employee during the work week." 12 N.Y.C.R.R. § 146-3.5; see also, Rowe v. CC Rest. & Bakery, Inc., No. 17-CV-1423, 2019 WL 4395158, at *8 (E.D.N.Y. Aug. 15, 2019) (discussing 12 N.Y.C.R.R. § 146-3.5 and explaining that its provisions are mandatory) Report and Recommendation adopted by 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019). This regular rate is then multiplied by the number of overtime hours worked each week to obtain the employee's total weekly overtime wages. See Rowe, 2019 WL 4395158, at *8.

Courts allow plaintiffs to recover under whichever statute, state or federal, provides the greatest relief. Arnoldo Lopez Vazquez, No. 18 CV 2117, 2019 WL 4396724, at *6 (quoting Ni v. Bat-Yam Food Servs., Inc., No. 13-CV-7274, 2016 WL 369681, at *1 (S.D.N.Y. Jan. 27, 2016)). Here, recovery is appropriate under the NYLL, which has a six-year statute of limitations, covering the entire period of plaintiffs' employment. See Ge Chun Wen, 2021 WL 3375615, at *15; Arnoldo Lopez Vazquez v. Lahori Kebab & Grill Corp., No. 18 CV 2019 WL 4396724, at *6 (citing Luna v. Gon Way Constr., Inc., No. 16-CV-1411, 2017 WL 835321, at *15 (E.D.N.Y. Feb 14, 2017)) Report and Recommendation adopted by 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017)).

Plaintiff Wei Gao asserts that he regularly worked 56 hours per week and was paid a weekly salary of $750 from July 1, 2015 through July 29, 2016. ECF No. 178-2 ¶¶ 4, 11, 13. This information allows the Court to determine the amount of overtime compensation due to plaintiff. The Court calculates plaintiff's overtime rate by first determining his regular rate of pay. Plaintiff's regular rate of pay is equal to his weekly salary divided by forty hours. See Rowe, 2019 WL 4395158, at *8. The regular rate of pay is then multiplied by 1.5 to determine plaintiff's overtime rate of pay. Plaintiff's regular rate of pay is therefore $18.75 per hour ($750/40hrs), and his overtime rate of pay is $28.13 per hour ($18.75 x 1.5). Plaintiff regularly worked 16 overtime hours a week (56 - 40) and should have received an additional $450.08 ($28.13 x 16) in weekly overtime pay. Plaintiff worked for defendants a total of 56.43 weeks, resulting in defendants owing plaintiff a total of $25,398.01 in unpaid overtime.[5]

Plaintiff Zhenkai Sun asserts that he worked 56 and one-half hours per week and was paid a weekly salary of $750 when he began working on April 1, 2014, but that "after some time" he was paid $775 per week until the end of his employment on June 30, 2015. ECF No. 178-3 ¶¶ 4, 10, 12, 13. Plaintiff's affidavit does not specify when his weekly salary increased to $775. Plaintiffs' SAC states that Zhenkai Sun was paid $775 per week during his entire employment. SAC ¶ 112. Although plaintiffs' damages calculation uses a weekly salary of $775 beginning April 1, 2014, this salary amount is not supported by plaintiff's affidavit. The Court must calculate Zhenkai Sun's unpaid overtime using a regular wage rate of $750 per week. Hernandez Gomez, 769 Fed Appx. at 2 (the Court "accept[s] as true all factual allegations in the

---

[5] Plaintiffs' calculations differ slightly from the Court's calculations for each plaintiff's unpaid overtime. ECF No. 178 ¶ 38. Plaintiffs do not explain how they arrived at their damages calculations and their damages calculation charts do not provide necessary information to review the accuracy of plaintiffs' final totals, such as each plaintiff's overtime rate of pay. ECF Nos. 178-2–178-5. As a result, the Court relies on its own calculations although they vary from plaintiffs' calculations by a few dollars in each case.

6

complaint *except* those relating to damages" (emphasis added)). Plaintiff's affidavit establishes that he was paid at least $750 per week during his employment, however, because he fails to provide even a rough estimate of when his weekly wage increased, the Court is unable to calculate damages with the higher wage rate. See id. ("the Court may award damages, even though the result is only approximate" based on "plaintiff's estimates"). [6] Accordingly, plaintiff's overtime rate of pay is $28.13 per hour ($750/40 x 1.5). Defendants owe plaintiff Sun $30,234.41[7] ($28.13 x 16.5hrs[8] x 65.14wks[9]) in unpaid overtime.

Plaintiff Eddie Gao asserts that he worked 63 hours and 10 minutes per week and was paid a weekly salary of $900 from October 20, 2013 to April 3, 2015, and $925 a week from April 4, 2015 to October 2, 2016. ECF No. 178-4 ¶¶ 6, 12, 14. Plaintiff's overtime rate is $33.75 per hour ($900/40) from October 20, 2013 to April 3, 2015 and $34.69 per hour ($925/40) from April 4, 2015 to October 2, 2016. Accordingly, defendants owe plaintiff $59,321.57 ($33.75 x 23.17hrs[10] x 75.86wks[11]) for the first period and $62,926.94 ($34.69 x 23.17hrs x 78.29wks[12]) for the second period.

Plaintiff Charles Chipengule asserts that he worked 73 hours per week at $11.00 per hour from November 1, 2013 to December 31, 2014; 80 and one-half hours per week at $11.00 per hour from March 1, 2015 to May 31, 2015; and 80 and one-half hours per week at $12.50 per

---

[6] Plaintiffs must support their damages claim with the information in their sworn affidavits, as the Court cannot rely on the SAC. Hernandez Gomez, 769 Fed Appx. at 2. Plaintiff Sun fails to estimate when he was paid $775 a week, even though plaintiffs were already afforded an opportunity to refile their motion to include support for their claim for damages.
[7] Because the Court calculates Zhenkai Sun's overtime pay using the $750 per week rate, it differs from plaintiffs' calculation.
[8] 56.5 - 40
[9] Plaintiff's period of employment is calculated based on the dates reported in his affidavit, 456 days /7.
[10] 63.17 - 40
[11] 531 days / 7
[12] 548 days / 7

hour from June 1, 2015 to November 30, 2015. ECF No. 178-5 ¶¶ 17, 18, 21, 24, 25, 27. Plaintiff's overtime rate of pay is $16.50 ($11.00 x 1.5) through May 31, 2015 and $18.75 ($12.50 x 1.5) from June 1, 2015. 12 N.Y.C.R.R. §146-1.4. The Court calculates plaintiff's total unpaid overtime for the three periods as: $11,046.09 ($5.50[13] x 33hrs[14] x 60.86wks[15]), $2,926.94 ($5.50 x 40.5hrs[16] x 13.14wks[17]), and $6,616.69 ($6.25 x 40.5hrs x 26.14wks[18]). The following chart sets forth the unpaid overtime defendants owe to each plaintiff:

| Plaintiff | Period | OT Rate | OT Hours | Weeks | Total |
|---|---|---|---|---|---|
| **Wei Gao**[19] | 7/1/15-7/29/16 | $28.13 | 16 | 56.43 | **$25,398.01** |
| **Zhenkai Sun** | 4/1/14-6/30/15 | $28.13 | 16.5 | 65.14 | **$30,234.41** |
| **Eddie Gao** | 10/20/13-4/3/15 | $33.75 | 23.17 | 75.86 | $59,321.57 |
| | 4/4/15-10/2/16 | $34.69 | 23.17 | 78.29 | $62,926.94 |
| | | | | Eddie Gao Total | **$122,248.51** |
| **Charles Chipengule** | 11/1/13-12/31/14 | $16.50 | 33 | 60.86 | $11,046.09 |
| | 3/1/15-5/31/15 | $16.50 | 40.5 | 13.14 | $2,926.94 |
| | 6/1/15-11/30/15 | $18.75 | 40.5 | 26.14 | $6,616.69 |
| | | | | Charles Chipengule Total | **$20,589.72** |

B. **Spread of Hours Pay**

Under New York law, plaintiffs are entitled to "an additional hour of pay at the minimum wage rate for each day on which" they worked more than ten hours. Lamaka v. Russian Desserts Inc., No. 18 Civ. 7354, 2021 WL 2188280, at *11 (E.D.N.Y. Feb. 12, 2021) (citing 12

---

[13] This number represents the unpaid rate for plaintiff's overtime hours, the full overtime rate $16.50 minus the rate at which he was actually paid during the overtime hours $11.00. ECF No. 178 at 5, 24-27 (plaintiff states he was paid the same hourly rate for each hour he worked including overtime hours).
[14] 73 - 40
[15] 426 days / 7
[16] 80.5 - 40
[17] 91.98 days / 7
[18] 183 days / 7
[19] Although plaintiff Wei Gao asserts in his affidavit that he is owed an additional $800 as a result of being paid late, ECF No. 178-2 ¶ 17, plaintiffs offer no information that would allow the Court to calculate his damages for unpaid wages, such as, for which dates and hours plaintiff was not compensated. Plaintiffs' damages calculation chart does not appear to include the requested $800, or an explanation of how plaintiffs arrived at the number. Accordingly, the Court has insufficient information to award plaintiff damages for unpaid wages.

N.Y.C.R.R. § 146.1.6) Report and Recommendation adopted by 2021 WL 2184870 (E.D.N.Y. May 28, 2021). Plaintiffs Wei Gao and Zhenkai Sun state they worked more than ten hours per day four times per week. ECF Nos. 178-2 ¶ 11, 178-3 ¶ 10. Plaintiffs Eddie Gao and Charles Chipengule state they worked more than ten hours per day five times per week. ECF Nos. 178-5 ¶ 12; 178-5 ¶¶ 17, 18, 21. The following chart lists the spread of hours pay due to each plaintiff:

| Plaintiff | Period | Days over 10 hrs | NY City Minimum Wage | Weeks | Total |
|---|---|---|---|---|---|
| **Wei Gao** | 7/1/15-12/30/15 | 4 | 8.75 | 26.14 | $914.90 |
| | 12/31/15-7/29/16 | 4 | 9.00[20] | 30.29 | $1,090.44 |
| | | | | Wei Gao Total | **$2,005.34** |
| **Zhenkai Sun** | 4/1/14-12/30/14 | 4 | 8.00 | 39.14 | $1,252.48 |
| | 12/31/14-6/30/15 | 4 | 8.75 | 26.00 | $910.00 |
| | | | | Zhenkai Sun Total | **$2,162.48** |
| **Eddie Gao** | 10/20/13-12/30/13 | 5 | 7.15 | 10.28 | $367.51 |
| | 12/31/13-12/30/14 | 5 | 8.00 | 52.14 | $2,085.60 |
| | 12/31/14-12/30/15 | 5 | 8.75 | 52.14 | $2,281.13 |
| | 12/31/15-10/2/16 | 5 | 9.00 | 39.57 | $1,780.65 |
| | | | | Eddie Gao Total | **$6,514.89** |
| **Charles Chipengule** | 11/1/13-12/30/13 | 5 | 7.15 | 8.75 | $312.81 |
| | 12/31/13-12/30/14 | 5 | 8.00 | 52.14 | $2,085.60 |
| | 12/31/14-12/31/14 | 5 | 8.75 | 0.14 | $6.13 |
| | 3/1/15-5/31/15 | 5 | 8.75 | 13.14 | $574.88 |
| | 6/1/15-11/30/15 | 5 | 8.75 | 26.14 | $1,143.63 |
| | | | | Charles Chipengule Total | **$4,123.05** |

### C. Liquidated Damages

Plaintiff seeks an award of liquidated damages. As previously discussed, a Court may only award liquidated damages under either the FLSA or the NYLL, not both. See Rana v. Islam,

---

[20] The NYLL sets the minimum wage amount but also acknowledges that a greater minimum wage may be set by federal law. NYLL § 652. The federal minimum wage has remained stagnant at $7.25 since 2009. 29 U.S.C. § 206.

9

887 F.3d at 118, 123 (2d Cir. 2018). As the NYLL allows for the greatest recovery, the Court considers plaintiff's claims for liquidated damages under New York law. Id.; see also, Cabrera v. Candela, 412 F. Supp. 3d 167, at 183-84 (E.D.N.Y. 2019). In any action to recover unpaid wages, the NYLL permits an award of liquidated damages "equal to one hundred percent of the total amount of the wages found to be due." NYLL § 198(1-a). An employer may avoid such an award by "prov[ing] a good faith basis to believe that its underpayment of wages was in compliance with the law." Id. However, in the case of a default, a defendant employer is unable to meet this burden and an award of liquidated damages is proper. See Cabrera, 412 F. Supp. 3d at 184; Lopic v. Mookyodong Yoojung Nakjie, Inc., No. 16 CV 4179, 2017 WL 10845064, at *9 (E.D.N.Y. Sept. 30, 2017).

Under the NYLL, plaintiffs are entitled to an award of liquidated damages equal to the amount they are owed in unpaid overtime and spread of hours pay. See Ismail v. Bake Ridge Bagels, Inc., No. 18-CV-517, 2020 WL 8988274, at *1 (E.D.N.Y. May 26, 2020); Garcia v. Pawar Bros Corp., No. 18-CV-2656, 2018 WL 4100482, at *2 (E.D.N.Y. Aug. 28, 2018). Accordingly, I recommend that plaintiffs should be awarded liquidated damages in the following amounts against defendants: Wei Gao – $27,403.35 ($25,398.01 overtime + $2,005.34 spread of hours); Zhenkai Sun – $32,396.89 ($30,234.41 overtime + $2,162.48 spread of hours); Eddie Gao – $128,763.40 ($122,248.51 overtime + $6,514.89 spread of hours); Charles Chipengule – $24,712.77 ($20,589.72 overtime + $4,123.05 spread of hours).

### D. Wage Notice and Wage Statement Damages

Plaintiffs also seek to recover damages for defendants' failure to provide them with required notices pursuant to NYLL § 195(1) & (3). New York's Wage Theft Prevention Act ("WTPA") requires employers to provide written wage notices at the time of hiring, beginning April 9, 2011.

10

Cazarez v. Atl. Farm & Food Inc., No. 15 CV 2666, 2017 WL 3701687, at *5 (E.D.N.Y. May 31, 2017), adopted by, 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) (quoting N.Y. Lab. Law § 195(1-a) (eff. Apr. 9, 2011 to Feb. 27, 2015)). When the WTPA went into effect, "[a]n employee who [was] not provided with this notice when hired [was] entitled to recover 'fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars[.]'" Zhang v. Red Mountain Noodle House Inc., No. 15 CV 628, 2016 WL 4124304, at *5 (E.D.N.Y. July 5, 2016), adopted by, 2016 WL 4099090 (E.D.N.Y. Aug. 2, 2016) (quoting N.Y. Lab. Law § 198(1-b) (eff. Apr. 9, 2011 to Feb. 27, 2015)). However, the law has since been amended, and "after February 27, 2015, employees are entitled to damages of $50.00 per work day, up to $5,000." Reyes v. Art Tek Design, Ltd., No. 16 CV 5168, 2018 WL 614980, at *8 (E.D.N.Y. Jan. 11, 2018), adopted by, 2018 WL 611733 (E.D.N.Y. Jan. 29, 2018) (citations omitted). This change "has not been applied retroactively, so [the court] appl[ies] the provision effective as of [each] [p]laintiff's hiring because it relates specifically to the notice that is required to be provided when an employee begins work." Ming Hui v. Shorty's Seafood Corp., No. 15 CV 7295, 2017 WL 5054401, at *10, n.12 (E.D.N.Y. Sept. 6, 2017), adopted by, 2017 WL 5125527 (E.D.N.Y. Nov. 2, 2017).

Plaintiff Wei Gao began working on July 1, 2015, after the amendment became effective, and worked for defendants for over a year, far in excess of 100 days, the period of time over which the maximum penalty of $5,000 would accrue. ECF No. 178-2 ¶ 4. Accordingly, plaintiff Wei Gao should be awarded the maximum damages of $5,000 for defendants' violation of NYLL § 195(1). Plaintiffs Zhenkai Sun, Eddie Gao, and Charles Chipengule began working before the amendment became effective, and are therefore limited to the previous provision's cap of $2,500. ECF Nos. 178-3 ¶ 4; 178-4 ¶ 6; 178-5 ¶¶ 4-6. As plaintiffs worked over the 50 weeks

required to reach the maximum, id., plaintiffs Zhenkai Sun, Eddie Gao, and Charles Chipengule should each be awarded $2,500 for defendants' violation of NYLL § 195(1).

New York Labor Law also provides that "every employer shall . . . furnish each employee with a statement with every payment of wages." NYLL § 195(3). From April 9, 2011 to February 25, 2015, if an employer failed to provide the employee with a wage statement, the employee was entitled to damages of $100 per week that the violation occurred, up to a maximum of $2,500. Li v. Leung, No. 15 CV 5262, 2016 WL 5369489, at *16 (E.D.N.Y. June 10, 2016), adopted as modified by, 2016 WL 5349770 (E.D.N.Y. Sept. 23, 2016) (modifying the number of weeks used in the calculations). After February 27, 2015, when the statute was amended, an employee is entitled to $250 per work day that the violation occurred, up to a maximum of $5,000. See N.Y. Lab. Law § 198(1-d) (amended 2015). Accordingly, plaintiff Wei Gao should be awarded the maximum damages of $5,000 for defendants' violation of NYLL § 195(3), and plaintiffs Zhenkai Sun, Eddie Gao, and Charles Chipengule should each be awarded $2,500 for defendants' violation of NYLL § 195(3), the maximum damages under the statute prior to 2015. The following chart sets forth the total defendants owe each plaintiff in damages (before interest):

| Plaintiff | Overtime | Spread of Hours | Liquidated Damages | Statutory Damages |
| --- | --- | --- | --- | --- |
| Wei Gao | $25,398.01 | $2,005.34 | $27,403.35 | $10,000.00 |
| Zhenkai Sun | $30,234.41 | $2,162.48 | $32,396.89 | $5,000.00 |
| Eddie Gao | $122,248.51 | $6,514.89 | $128,763.40 | $5,000.00 |
| Charles Chipengule | $20,589.72 | $4,123.05 | $24,712.77 | $5,000.00 |

### E. Pre-judgment Interest

Plaintiff also seeks an award of pre-judgment interest. Such an award is expressly authorized by the NYLL. See NYLL § 198(1-a). Pre-judgment interest is only available for unpaid wage amounts, not for damages awarded for failure to provide wage notices and statements. See Jacome v. Optical 49, Inc., No. 20 CV 2615, 2021 WL 3375134, at *12 (E.D.N.Y. July 9, 2021) (citing Ying Ying Dai v. ABNS NY Inc., 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020) Report and Recommendation adopted by 2021 WL 3373130 (E.D.N.Y. Aug. 3, 2021). When calculating pre-judgment interest under the NYLL, courts rely on the statutory rate of nine percent set forth in C.P.L.R. § 5004 and use a reasonable midpoint when damages accrued over a period of time. See Jemine v. Dennis, 901 F. Supp. 2d 365, 390-91 (E.D.N.Y. 2012) (citing Pavia v. Around the Clock Grocery, Inc. No. 03 CV 6465, 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005).

The Court uses the following midpoints to calculate the pre-judgment interest that should be awarded for each plaintiff: Wie Gao – January 15, 2016; Zhenkai Sun – November 15, 2014; Eddie Gao – April 13, 2015; and Charles Chipengule – November 16, 2014. See id. (citing Pavia, 2005 WL 4655383, at *8) (finding the midway point between when plaintiff started and ended working for his employer as an appropriate intermediate point). Applying a nine percent per annum rate of interest, plaintiff Wei Gao should be awarded $17,014.92[21] in pre-judgment interest from January 15, 2016, through the date of this Report. This amount will increase by $6.76 per day until the entry of judgment. Plaintiff Zhenkai Sun should be awarded $21,954.78 in pre-judgment interest from November 15, 2014, through the date of this Report. This amount

---

[21] This amount equals the total amount of unpaid wages ($27,403.35) multiplied by 9%, divided by 365, and then multiplied by the number of days between January 15, 2016, and the date of this Report.

will increase by $7.46 per day until the entry of judgment. Plaintiff Eddie Gao should be awarded $88,709.50 in pre-judgment interest from April 13, 2015, through the date of this Report. This amount will increase by $31.75 per day until the entry of judgment. Plaintiff Charles Chipengule should be awarded $14,945.36 in pre-judgment interest from November 16, 2014, through the date of this Report. This amount will increase by $5.08 per day until the entry of judgment.

| Plaintiff | Unpaid Wages | Midpoint | Interest per Day | Total |
|---|---|---|---|---|
| Wei Gao | $27,403.35 | January 15, 2016 | $6.76 | $17,014.92 |
| Zhenkai Sun | $32,396.89 | November 15, 2014 | $7.46 | $21,954.78 |
| Eddie Gao | $128,763.4 | April 13, 2015 | $31.75 | $88,709.50 |
| Charles Chipengule | $24,712.77 | November 16, 2014 | $5.08 | $14,945.36 |

### F. Post-judgment Interest and NYLL § 198(4)

Although the plaintiffs' SAC requests an award of post-judgment interest, ECF No. 55 at 35, plaintiffs fail to address this request in the Memorandum of Law. See ECF No. 179. However, an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a) is mandatory in cases where a money judgment is awarded. See Fermin v. Las Delicias Perunas, 93 F. Supp. 3d. 19, 53 (E.D.N.Y. 2015) (quoting Duffy v. Oyster Bay Indus., Inc., No. 10 CV 3205, 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011)) Report and Recommendation adopted by 2011 WL 2259749 (E.D.N.Y. June 2, 2011). Accordingly, I recommend that plaintiffs should be awarded post-judgment interest as set forth in 28 U.S.C. 1961(a). Further, I recommend, as provided by NYLL § 198(4), "that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

14

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiffs' motion for a default judgment against defendants Yugadaev, Sushi Fussion Express, and Hibachi Express should be granted as to liability and plaintiffs should be awarded damages as stated in this Report and Recommendation.[22] Plaintiff Wei Gao should be awarded a total of $81,821.62 against defendants to increase by $6.76 per day until the entry of judgment and post-judgment interest as set forth in 28 U.S.C. 1961(a).[23] Plaintiff Zhenkai Sun should be awarded a total of $91,748.56 against defendants to increase by $7.46 per day until the entry of judgment and post-judgment interest as set forth in 28 U.S.C. 1961(a).[24] Plaintiff Eddie Gao should be awarded a total of $351,236.30 against defendants to increase by $31.75 per day until the entry of judgment and post-judgment interest as set forth in 28 U.S.C. 1961(a).[25] Plaintiff Charles Chipengule should be awarded a total of $69,370.90 against defendants to increase by $5.08 per day until the entry of judgment and post-judgment interest as set forth in 28 U.S.C. 1961(a).[26] If any amount of the

---

[22] Although plaintiffs' counsel requests an award of attorney's fees and costs in the amount of $209,121.41, ECF No. 179 at 11, plaintiffs provide no support for this number whatsoever. Plaintiffs' counsel's affidavit in support of the motion states that a breakdown of attorneys' fees and costs is attached as "Exhibit 2", yet no such Exhibit was attached. This is undoubtedly because plaintiffs' counsel submitted the same affidavit and memorandum previously filed at ECF Nos. 161, 162. Accordingly, the Court should not award attorney's fees and costs as a part of plaintiffs' instant motion for a default judgment. The Court notes that plaintiffs' counsel has already been awarded fees in this case associated with the judgment that plaintiff Eddie Gao received at trial. Counsel shall specify the plaintiff as well as the precise work that was done in any future request for fees. Counsel should note that his request for attorney's fees will be the third time the Court will be required to consider this matter.
[23] $25,398.01 in unpaid overtime compensation; $2005.34 in unpaid spread of hours compensation; $27,403.35 in liquidated damages; $10,000.00 in statutory damages; and $17,014.92 in pre-judgment interest.
[24] $30,234.41 in unpaid overtime compensation; $2,162.48 in unpaid spread of hours compensation; $32,396.89 in liquidated damages; $5,000.00 in statutory damages; and $21,954.78 in pre-judgment interest.
[25] $122,248.51 in unpaid overtime compensation; $6,514.89 in unpaid spread of hours compensation; $128,763.40 in liquidated damages; $5,000.00 in statutory damages; and $88,709.50 in pre-judgment interest.
[26] $20,589.72 in unpaid overtime compensation; $4,123.05 in unpaid spread of hours compensation; $24,712.77 in liquidated damages; $5,000.00 in statutory damages; and $14,945.36 in pre-judgment interest.

judgment remains unpaid after ninety-days or ninety-days after the expiration of the time to appeal, the total amount of the judgment should increase as provided by NYLL § 198(4).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 6, 2022
       Brooklyn, New York